IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN D. HORTON, et al., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-22-448-SM |
| ) | |
| SOCIAL SECURITY ) | |
| ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff John D. Horton brought this action against Defendant Social Security Administration, alleging that Defendant had intentionally delayed its approval of Plaintiff's and his mother's applications for Social Security benefits [Doc. No. 1].

Defendant moved to dismiss Plaintiff's action [Doc. No. 23]. Thereafter, Plaintiff moved to voluntarily dismiss his claims related to his own application for benefits [Doc. No. 24], stating that Defendant had granted his application but had not yet determined his mother's application. Plaintiff asked the Court to "make a determination as to [his mother's] eligibility for survivor's benefits … and to waive any in-person hearings required of [his mother] by [Defendant]." Doc. No. 24 at 2. In the same filing, Plaintiff also asked that the Court impose sanctions on Defendant's counsel. Doc. No. 24 at 6.

On August 3, 2023, United States magistrate judge Suzanne Mitchell issued a Report and Recommendation [Doc. No. 26], in which she recommends granting Plaintiff's request for voluntary dismissal, granting Defendant's motion to dismiss Plaintiff's remaining claims regarding his mother's benefits application, and denying Plaintiff's

1

request for sanctions. Objections to the Report and Recommendation were due by August 17, 2023.

On August 28, 2023, Defendant notified the Court that Defendant's counsel had received from Plaintiff his objection to the Report and Recommendation via Google Docs [Doc. No. 27]. Plaintiff did not file his objection with the Court until September 11, 2023 [Doc. No. 28], nearly one month late. In his untimely objection, Plaintiff does not address any of the magistrate judge's conclusions. Rather, Plaintiff requests that Defendant answer two questions related to his mother's application for Social Security benefits; and that "[D]efendant be compelled to answer the questions" and "sanctioned for wasting this [C]ourt[']s time on this case." Doc. No. 28 at 1-2.

Plaintiff's failure to make timely and specific objections to the magistrate judge's Report and Recommendation waives his right to further review. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."); *see also Lockert v. Faulker*, 843 F.2d 1015, 1019 (7th Cir. 1988) ("Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.").

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 26] is **ADOPTED** in full. Plaintiff's combined motion for voluntary dismissal and motion for sanctions [Doc. No. 24] is **GRANTED IN PART** and **DENIED IN PART** as follows.

3

Plaintiff's request to voluntarily dismiss the claims relating to his own benefits application is **GRANTED**. Plaintiff's request for sanctions against Defendant's counsel is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss Plaintiff's remaining claims [Doc. No. 23] is **GRANTED**, and Plaintiff's action is **DISMISSED** without prejudice. A separate judgment will be entered.

**IT IS SO ENTERED** this 14th day of September, 2023.

TIMOTHY D. DeGIUSTI
Chief United States District Judge